IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL MCCUEN, for himself and all others similarly situated,** <br><br> **Plaintiff,** <br><br> v. <br><br> **MAINES PAPER & FOOD SERVICE, INC.,** <br><br> **Defendant.** | **Case No.** <br><br><br> **JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Michael McCuen ("Plaintiff"), by and through his undersigned attorneys, hereby makes the following allegations against Maines Paper & Food Service, Inc. ("Defendant" or "Maines") concerning his acts upon actual knowledge and concerning all other matters upon information, belief and the investigation of his counsel:

### NATURE OF THE CASE

1. Plaintiff brings this action to redress Defendant's common policies and procedures that give rise to common violations of the New York Labor Law ("NYLL") and New York Codes, Rules and Regulations ("NYCRR") for all Maines Driver's Helpers who: **1)** do not receive all wages due for work they perform, including overtime premium wages owed for hours worked in excess of forty per workweek (Count I); **2)** do not receive the applicable minimum wage as required by the NYLL (Count II); **3)** do not receive a "spread of hours" premium required by the NYLL and applicable regulations (Count III); **4)** do not receive wage notices that include the information required by the NYLL (Count IV); and **5)** do not receive wages statements that provide the information required by the NYLL (Count V).

2. Plaintiff brings his NYLL and NYCRR claims as a class action pursuant to Fed. R. Civ. P. 23 for a putative Class including all people who worked as a Maines Driver's Helper and made deliveries in the State of New York during the six years preceding the filing of this Complaint (the "Class").

## THE PARTIES

3. Plaintiff is an adult resident and citizen of Brackney, Pennsylvania (Susquehanna Co.). Plaintiff worked for Defendant as a Driver's Helper from November 2015 through March 2018. During this time, the majority of Plaintiff's work involved reporting to work at Defendant's Conklin, New York warehouse and making deliveries in New York State. Plaintiff is personally familiar with, and has been personally affected by, the policies and practices described in this Complaint.

4. Defendant is an independent foodservice distributor. Defendant is incorporated under New York law and maintains its principal place of business in Conklin, New York. Defendant is registered to do business in Pennsylvania as a foreign corporation.

## JURISDICTION AND VENUE

5. Pursuant to 42 Pa. Cons. Stat. Ann. § 5301(a)(2)(i) Defendant has consented to general personal jurisdiction in Pennsylvania because Defendant registered to do business in Pennsylvania as a foreign corporation.

6. This Court has jurisdiction in this case pursuant to 28 U.S.C.A. § 1332(a), because Plaintiff is a citizen of Pennsylvania, Defendant is a citizen of New York and the amount in controversy in this matter exceeds $75,000.00.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), because Plaintiff resides in this District, suffered the losses at issue in this District, and has done work for Defendant in this District.

## OPERATIVE FACTS

8. In New York City, the required minimum wage is currently $13.00 per hour. See 12 N.Y.C.R.R. § 142-2.1(a)(1)(i). In the remainder of down-state New York (Nassau, Suffolk, and Westchester Counties) the required minimum wage is currently $11.00 per hour. See 12 N.Y.C.R.R. § 142-2.1(a)(2). In the rest of New York State, the required minimum wage is currently $10.40 per hour. See 12 N.Y.C.R.R. § 142-2.1(a)(3). The rate that applies is based on where the work is performed. See 12 N.Y.C.R.R. § 142-2.1(a).

### Failure To Pay All Wages Due Including Overtime Premium Wages

9. At all relevant times, 12 N.Y.C.R.R. § 142-2.2 has required employers to pay their employees all wages owed for the hours they actually worked, including one and a half times their regular minimum rate each hour worked over forty.

10. Defendant has never paid Plaintiff or the Class members any overtime premium wages, even though they have routinely worked more than forty hours per week.

11. Furthermore, Defendant has occasionally suffered or permitted Plaintiff and the Class members to work more than fourteen hours per day without tracking this time or paying any wages for hours beyond fourteen per day.

### Failure To Pay The Applicable Minimum Wage

12. At all relevant times, NYLL § 652 has required employers to pay their employees minimum regular and overtime wages pursuant to 12 N.Y.C.R.R. § 142-2.1.

13. Defendant has paid its Driver's Helpers, including Plaintiff, $130.00 for an anticipated fourteen-hour work day, or $260.00 for a scheduled two-day route. For the past year, Plaintiff has typically worked about 56 hours per week and been paid $520.00 per week (four work days x $130.00 per day = $520.00), or $9.28 per hour – a rate between $1.12 per hour and $3.72 per hour below the mandatory minimum wage rate.

3

### Failure To Pay The Required "Spread Of Hours" Premium

14. At all relevant times, 12 N.Y.C.R.R. § 142-2.4 has required has required employers to pay their employees an additional hour of pay at the basic minimum hourly wage rate in any day they work more than ten hours.

15. Even though Defendant routinely suffers or permits Plaintiff and the Class members to work more than ten hours per day, it has not paid them an extra spread of hours premium on these days.

### Failure To Pay For Time Employees Were Required To Be Available

16. At all relevant times, 12 N.Y.C.R.R. § 142-2.1(b) has required has required employers to pay their employees the minimum wage for all hours they are required to be available for work at a place it prescribes, because these hours are considered time worked.

17. Defendant has regularly required Plaintiff and the Class members to report to its warehouse in Conklin, New York and then drive to New York City where they would sleep in a hotel, make deliveries, and then drive back to Conklin, New York over a two-day period. During these trips, Defendant routinely required Plaintiff and Class members to be available for work at a place it prescribed but paid no wages for hours in which they were not actively driving or making deliveries.

### Failure To Provide Required Wage Notices

18. At all relevant times, NYLL § 195(1)(a) has required employers to provide their non-exempt employees with wage notices stating their regular hourly rate of pay and overtime rate of pay at the time of hiring.

19. Even though Plaintiff and the Class members are non-exempt employees, Defendant did not provide them with wage notices sating their regular hourly rate of pay and overtime rate of pay at the time of hiring.

**Failure To Provide Required Wage Statements**

20. At all relevant times, NYLL § 195(3) has required employers to provide their non-exempt employees with wage statements with every paycheck that identify their regular hourly rate(s) of pay, overtime rate(s) of pay, number of regular hours worked and number of overtime hours worked.

21. Even though Plaintiff and the Class members are non-exempt employees, Defendant did not provide them with wage statements including their regular hourly rate(s) of pay, their overtime rate(s) of pay, their number of regular hours worked, or their number of overtime hours worked.

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings his NYLL and NYCRR claims for himself and all people as a class action pursuant to Fed. R. Civ. P. 23 for a putative Class including all people who worked as a Maines Driver's Helper and made deliveries in the State of New York during the six years preceding the filing of this Complaint.

23. The Class specifically excludes Defendant, any parent, subsidiary, or affiliate of Defendant, any entity in which Defendant has a controlling interest, or which Defendant otherwise controls, any officer, director, employee, legal representative, predecessor, successor, or assignee of Defendant.

24. Class treatment of Plaintiff's NYLL and NYCRR claims is appropriate because the putative Class satisfies the requirements of Fed. R. Civ. P. 23.

25. The putative Class is so numerous that joinder of all its members would be impracticable. During the relevant period, one hundred or more people have worked as a Maines Driver's Helper and made deliveries in New York.

26. Plaintiff's claims are typical of the claims of the putative Class members, and he has no interests that are antagonistic to, or in conflict with, the interests of the putative Class because:

    a. Plaintiff and the Class members all worked as Maines Driver's Helpers;

    b. Plaintiff and the Class members performed similar job duties for Defendant;

    c. Plaintiff and the Class members were subject to the same policies and procedures relating to their work, time and compensation, which had the common effect of failing to pay Plaintiff and the Class members minimum wage, overtime wages, "spread of hours" pay; and

    d. Plaintiff and the Class members were subject to the same policies and procedures related to the wage notices and wage statements they received, which had the common effect of failing to provide Plaintiff and the Class members with the information required under the NYLL regarding their regular and overtime rates of pay and hours worked at each rate.

27. There are many questions of law and fact common to the claims of the putative Class members because this action concerns the legality of Company-wide compensation policies and practices that raise many common questions, including:

    a. whether Defendant has failed to pay the Class members the minimum wage for each hour of work it suffered or permitted them to perform;

    b. whether Defendant has failed to pay the Class members for the time it required them to be available for work at a place prescribed by Defendant;

    c. whether Defendant has failed to pay the Class members all wages due for their work, including overtime premium wages owed for all hours over forty per workweek;

    d. whether Defendant has failed to pay the Class members an extra hour's pay for the "spread of hours" worked;

    e. whether Defendant has failed to provide the Class members with wage notices containing their regular hourly rate of pay and their overtime rate of pay; and

      f.     whether Defendant has failed to provide the Class members with wage statements regarding their regular hourly rate and overtime rate of pay, their number of regular hours worked and overtime hours worked.

28.     Plaintiff will fairly and adequately protect the interests of the putative Class members and has retained competent and experienced counsel for this purpose.

29.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual Class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation for at least the following reasons:

      a.     absent a class action, Class members will be essentially unable to redress the conduct pled here, Defendant's violations will continue without remedy and Defendant's employees will continue to be harmed;

      b.     a class action will permit an orderly and expeditious administration of class claims, foster economies of time, effort and expense;

      c.     this lawsuit presents no particularly unusual or difficult issues that would impede its management as a class action; and

      d.     Defendant has acted on grounds generally applicable to Class members, making class-wide management appropriate.

30.     Allowing Plaintiff's claims to proceed as a class action will be superior to requiring the individual adjudication of each Class member's claim, since requiring a hundred or more hourly-paid employees to file and litigate individual wage claims would cause an undue burden on Defendant, the Class members and the Courts. Class action treatment will allow a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expenses if these claims were brought individually. Moreover, as the damages suffered by each Class member are relatively small, the expenses and burdens associated with individual litigation would make it difficult for plaintiffs to bring individual claims. Further, the presentation of separate actions by individual

Class members could create a risk for inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of Class members to protect their interests.

## COUNT I
### Failure To Pay Wages Due In Violation Of NYLL
### (On Behalf of Plaintiff and the Class members)

31. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

32. During the Class Period, Plaintiff and the Class members were "employees" within the meaning of NYLL §§ 2(7), 651(5), 190(2) and 12 N.Y.C.R.R. § 142-2.14.

33. During the Class Period, Defendant was an employer within the meaning of NYLL §§ 651(6) and 190(3).

34. During the Class Period, Plaintiff and the Class members have been entitled to the rights, protections and benefits provided under the NYLL §§ 650 *et seq*. and 190 *et seq*.

35. Plaintiff and the Class members are not exempt from overtime compensation as established by the commissioner's wage orders or otherwise provided by New York State law or regulation.

36. The NYLL provides that employees have the following entitlement to overtime premium wages:

> [a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of sections 7 and 13 of 29 U.S.C. 201 *et seq*… In addition, an employer shall pay employees subject to the exemptions of section 13 of the Fair Labor Standards Act, as amended, except employees subject to sections 13(a)(2) and (4) of such Act, overtime at a wage rate of one and one-half times the basic minimum hourly rate.

*See* 12 N.Y.C.R.R. § 142-2.2.

8

37. During the Class Period, Defendant willfully violated the NYLL, Article 19, §§ 650, *et seq.* and 12 N.Y.C.R.R. § 142-2.2 by failing to pay Plaintiff and the Class members all wages due for work they performed, including overtime premium wages of not less than 1½ times the New York State minimum wage rate for each hour worked in excess of 40 hours per workweek.

38. Defendant has no good faith justification or defense for failing to pay Plaintiff and the Class members the overtime wages mandated by 12 N.Y.C.R.R. § 142-2.2.

39. NYLL § 663(1) provides that Plaintiff and the Class members are entitled to recover the full amount of their wage underpayments during the six years preceding the filing of this Complaint, plus periods of equitable tolling, an award of costs and reasonable attorneys' fees incurred in pursuing this claim, an award of prejudgment interest paid at the applicable legal rate and a penalty in the amount of 100% of the total payment due for the relevant period as it had no good faith basis to believe its wage payments to Plaintiff and the Class members complied with the NYLL.

## COUNT II
### Failure To Pay Minimum Wage In Violation of NYLL
### (On Behalf of Plaintiff and the Class Members)

40. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

41. NYLL § 652 regulates the payment of minimum wages and provides that employers must pay their employees at a rate at least equal to the New York minimum wage rates provided by 12 N.Y.C.R.R. § 142-2.1.

42. During the Class Period, Defendant willfully violated the NYLL by paying Plaintiff and the Class members at hourly wage rates between $1.12 per hour and $3.72 per hour below the mandatory minimum wage rate applied in the locations they worked.

Case 3:02-at-06000   Document 512   Filed 04/30/18   Page 10 of 14

43. Furthermore, pursuant to 12 N.Y.C.R.R. § 142-2.1(b), an employer is required to pay employees the minimum wage for time they are permitted to work or are required to be available for work at a place prescribed by the employer.

44. During the Class Period, Defendant willfully violated the NYLL by failing to pay Plaintiff and Class members for the hours they were required to be available for work at a place prescribed by Defendant.

45. Defendant has no good faith justification or defense for failing to pay Plaintiff and the Class members the minimum wages mandated by 12 N.Y.C.R.R. § 142-2.1.

46. NYLL § 663(1) provides that Plaintiff and the Class members are entitled to recover the amount of their unpaid minimum wages during the six years preceding the filing of this Complaint, plus periods of equitable tolling, an award of costs and reasonable attorneys' fees incurred in pursuing this claim, an award of prejudgment interest paid at the applicable legal rate and a penalty in the amount of 100% of the total payment due for the relevant period as it had no good faith basis to believe its wage payments to Plaintiff and the Class members complied with the NYLL.

**COUNT III**
**Failure To Pay "Spread Of Hours" Premium In Violation of NYLL**
**(On Behalf of Plaintiff and the Class Members)**

47. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

48. The NYLL requires employers to provide "spread-of-hours" pay in addition to the New York minimum wage for any day in which an employee's "spread of hours" exceeds ten hours. *See* 12 N.Y.C.C.R. § 142-2.4.

49. During the Class Period, Defendant willfully violated the NYLL by routinely scheduling Plaintiff and the Class members to work an anticipated fourteen-hour workday (*i.e.*,

10

more than ten hours per workday) and failing to provide Plaintiff and the Class members with "spread of hours" pay for any of their workdays of more than ten hours.

50. Defendant has no good faith justification or defense for failing to pay Plaintiff and the Class members the overtime wages mandated by 12 N.Y.C.R.R. § 142-2.4.

51. NYLL § 663(1) provides that Plaintiff and the Class members are entitled to recover one hour's pay at the required rate for each day they worked over ten hours during the six years preceding the filing of this Complaint, plus periods of equitable tolling, an award of costs and reasonable attorneys' fees incurred in pursuing this claim, an award of prejudgment interest paid at the applicable legal rate and a penalty in the amount of 100% of the total amount due for the relevant period as it had no good faith basis to believe its wage payments to Plaintiff and the Class members complied with the NYLL.

## COUNT IV
### Failure To Provide Wage Notices In Violation of NYLL
### (On Behalf of Plaintiff and the Class Members)

52. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

53. NYLL §§ 195(1) requires employers to provide employees with a notice at the time of hire that states their regular hourly wage rate and their overtime rate of pay.

54. During the Class Period, Defendant willfully violated NYLL § 195(1) by failing to provide Plaintiff and the Class members a notice at the time of hire that states their regular hourly wage rate and their overtime rate of pay.

55. Defendant has no good faith justification or defense for failing to provide the notice mandated by NYLL §§ 195(1).

56. NYLL § 198(1-b) provides that Plaintiff and the Class members are entitled to recover $50.00 dollars for each workday following their tenth day of employment on which

11

Defendant failed to provide the required wage notice up to of $5,000.00 each plus an award of costs and reasonable attorneys' fees incurred in pursuing this claim.

## COUNT V
### Failure To Provide Required Wage Statements In Violation of NYLL
### (On Behalf of Plaintiff and the Class Members)

57. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

58. NYLL § 195(3) requires employers to provide employees with a wage statement each pay period that includes their regular hourly rate(s) of pay, their overtime rate(s) of pay, their number of regular hours worked and their number of overtime hours worked.

59. During the Class Period, Defendant willfully violated NYLL § 195(3) by failing to supply Plaintiff and the Class members with a wage statement each pay period that includes their regular hourly rate(s) of pay, their overtime rate(s) of pay, their number of regular hours worked and their number of overtime hours worked.

60. Defendant has no good faith justification or defense for failing to provide the notice mandated by NYLL §§ 195(3).

61. NYLL § 198(1-b) provides that Plaintiff and the Class members are entitled to recover $50.00 dollars each time Defendant failed to provide them with the required wage statement in the last six years, plus periods of equitable tolling, up to a total of $5,000.00 each plus an award of costs and reasonable attorneys' fees incurred in pursuing this claim.

WHEREFORE, Plaintiff respectfully prays for an Order:

    a. Certifying this action as a class action;

    b. Approving Plaintiff as an adequate Class representative;

    c. Appointing Finkelstein, Blankinship, Frei-Pearson & Garber, LLP and Stephen Zouras, LLP as Class Counsel;

d. Authorizing Class Counsel to issue a notice informing the Class members this action has been filed, of the nature of the action, and of their right to opt out of this lawsuit;

e. Finding that Defendant willfully violated the applicable state laws by failing to pay all required wages to Plaintiff and the Class members;

f. Granting judgment in favor of Plaintiff and the Class members on all counts;

g. Awarding all available compensatory damages in amounts to be determined;

h. Awarding all available liquidated damages in amounts to be determined;

i. Awarding pre-judgment interest on all compensatory damages due;

j. Awarding a reasonable attorney's fee and reimbursement of all costs and expenses incurred in litigating this action;

k. Awarding all available equitable and injunctive relief precluding the continuation of the policies and practices pled in this Complaint;

l. Awarding Plaintiff and the Class such other and further relief as this Court deems just and proper; and

m. Maintaining jurisdiction over this action to ensure Defendant's compliance with the foregoing.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a trial by jury.

Respectfully Submitted,

Dated: April 30, 2018 /s/ David J. Cohen
David J. Cohen
STEPHAN ZOURAS, LLP
604 Spruce Street
Philadelphia, PA 19106
(215) 873-4836
dcohen@stephanzouras.com

13

James B. Zouras (*pro hac* forthcoming)
Ryan F. Stephan (*pro hac* forthcoming)
STEPHAN ZOURAS, LLP
205 N. Michigan Avenue, Suite 2560
Chicago, IL 60601
312-233-1550
jzouras@stephanzouras.com
rstephan@stephanzouras.com

Jeremiah Frei-Pearson (*pro hac* forthcoming)
Jean Sedlak (*pro hac* forthcoming)
FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP
445 Hamilton Avenue, Suite 605
White Plains, New York 10601
(914) 298-3281
jfrei-pearson@fbfglaw.com
jsedlak@fbfglaw.com

14