# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL MCCUEN, for himself and all others similarly situated,<br><br>   Plaintiffs,<br><br>v.<br><br>MAINES PAPER & FOOD SERVICE, INC.,<br><br>   Defendant. | Civil No. 3:18-CV-00902<br><br><br><br><br><br><br><br>Judge Jennifer P. Wilson |

## FINAL ORDER APPROVING CLASS ACTION SETTLEMENT

Before the court is Plaintiff's Unopposed Motion for Final Class Action Settlement Approval of a Class Action Settlement.  (Doc. 45.)   Based upon this court's factual findings that were made on the record during the June 8, 2020 final settlement approving hearing, for good cause shown, and as more fully explained below, **IT IS ORDERED THAT** the motion is **GRANTED** as follows:

1. The court has personal jurisdiction over the Parties and Settlement Class Members.   The court has subject matter jurisdiction to release all claims and causes of action released in the Settlement Agreement. (*See* Docs. 37-3, 45-3).   The court has subject matter jurisdiction to approve the Settlement Agreement.   (S*ee id.*)

2. The court preliminarily approved the Settlement Agreement, Docs. 37-3, 45-3, that is the subject of this Motion by order entered on January 28, 2020.   (Doc. 41 (the "Preliminary Approval Order").)   A copy of the

   Settlement Agreement was attached as an exhibit to Plaintiff's Unopposed Motion for Preliminary Approval of the Class Action Settlement, Doc. 37-3, and it is incorporated in this Final Approval Order by reference. The terms used in this Final Approval Order shall have the same meaning as they are defined in the Settlement Agreement. (Docs. 37-3, 45-3.)

3. On June 8, 2020, the court conducted a Final Approval Hearing to consider final approval of the Settlement Agreement, Docs. 37-3, 45-3, and proceeded to make certain relevant findings at the hearing. The court has considered all matters submitted to it at the Final Approval Hearing and otherwise, the pleadings on file, the applicable law, and the record.

4. The court finds that the proposed Settlement Class, as defined in the Settlement Agreement, meets the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure. Accordingly, for settlement purposes only, the court certifies the Rule 23 Class consisting of the following:

   > All persons employed by Defendant as a Driver's Helper and who made deliveries in the State of New York at any time from April 30, 2012 through and including entry of the Preliminary Approval Order, as determined by Defendant following a good-faith review of its records, and who did not timely and validly exclude themselves from the Putative Settlement Class in compliance with the procedures set forth in the Settlement Agreement.

   The Plaintiff's Unopposed Motion for Final Approval of a Class Action Settlement Agreement includes a list of all members of the Settlement Class. (*See* Doc. 45-4 Ex. C)

5. For purposes of settlement, the court approves the Named Plaintiff, Michael McCuen, as the Class Representative.

6. For purposes of settlement, the court appoints as Class Counsel David J. Cohen, James B. Zouras and Ryan F. Stephan of Stephan Zouras, LLP and Jeremiah Frei-Pearson of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP.

7. Class Counsel filed a separate Petition for Class Counsel's Fees, Costs, and Expenses, Doc. 46, in accordance with Section VI of the Settlement Agreement. Based on a full review of this filing, the court awards Class Counsel a total of $470,306.84 including $455,000.00 in fees and $15,306.84 in costs and expenses.

8. Class Counsel filed a separate application, Doc. 46, for approval of a one-time Service Payment award to Named Plaintiff in accordance with Section VII of the Settlement Agreement. Based on a full review of this filing, the court awards Named Plaintiff a Service Payment of $15,000.

9. The court approves the Settlement Agreement and finds that it is a reasonable compromise of the claims of the Settlement Class members under Federal Rule of Civil Procedure 23(e) and *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975). The Settlement Agreement is fair, just, reasonable and adequate to, and in the best interest of, the Settlement Class members. It achieves a definite and certain result for the benefit of the Settlement Class members that is preferable to continuing litigation in which the Settlement Class members would necessarily confront substantial risk (including the risk of non-certification of a class and the risk of loss), uncertainty, delay, and cost. This Order constitutes final approval of the Settlement Agreement. The Settlement Agreement is binding on the Parties and on all members of the Settlement Class.

10. The court determines that notice was given as required by the Preliminary Approval Order. (Doc. 41.) The court finds that the Settlement Notice, Doc. 45-4 Ex. A, given of the proposed settlement was the best practical notice under the circumstances and provided the Putative Settlement Class members with fair and adequate notice of the terms of the Settlement Agreement and the Final Approval Hearing, and of their right to exclude

themselves from the class or object to the settlement.   The court finds the Settlement Notice, Doc. 45-4 Ex. A, satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure.

11. The court finds that the Settlement Agreement: (a) is fair to all parties; (b) reasonably resolves a bona fide disagreement and dispute between the parties with regard to the merits of the claims of the Named Plaintiff and the Settlement Class members; and (c) demonstrates a good faith intention by the parties that these claims be fully and finally resolved, not subject to appellate review, and not re-litigated in whole or in part at any point in the future.   The court therefore approves the Settlement Agreement, including its release of claims.

12. By operation of the Settlement Agreement and this Final Approval Order, and except as to such rights or claims as may be created by the Settlement Agreement or those non- waivable by law, Named Plaintiff and Settlement Class members are hereby irrevocably and unconditionally deemed to have forever and fully released Defendant and all Released Persons from any and all Released Claims.   The Named Plaintiff and the Settlement Class members are forever barred from bringing or presenting any action or proceeding against Defendant or any of the Released Persons that involve or assert any of the Released Claims.

13. The Settlement Agreement shall be administered in accordance with its terms.   Without affecting the finality of this judgment, the court reserves jurisdiction over the implementation, administration, and enforcement of this judgment and the Settlement Agreement and all matters ancillary to the same.

14. The Settlement Agreement reflects a compromise of disputed claims. The findings and rulings in this Final Approval Order are made for the purposes of settlement only.   Nothing in the Settlement Agreement or this Final Approval Order, or in any ancillary documents, actions, statements, or filings made in furtherance of settlement, shall be deemed or admissible or used as evidence of (or as an admission of) liability by

    Defendant or any of the Released Persons, or of any fault or wrongdoing whatsoever, or as evidence that (or as an admission that) this action may proceed as a class action under Rule 23 of the Federal Rules of Civil Procedure for any purpose other than settlement.

15. This Civil Action is **DISMISSED with PREJUDICE**.

16. The Clerk of Court is directed to **CLOSE** this case.

                                               s/ Jennifer P. Wilson  
                                               JENNIFER P. WILSON  
                                               United States District Judge  
                                               Middle District of Pennsylvania

Dated: June 10, 2020